IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  23-cv-3287

THERESA ROMERO,

          Plaintiff,

v.

WORLD WIDE TECHNOLOGIES, INC.,

          Defendant.

---

## DEFENDANT'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and D.C.COLO.LCivR 81.1, Defendant World Wide Technology, LLC ("Defendant"), [1] by and through its undersigned counsel, hereby removes the above-captioned action from the District Court for Arapahoe County, Colorado, to the United States District Court for the District of Colorado.

## I.    STATE COURT ACTION

1.    On November 13, 2023, Plaintiff Theresa Romero ("Plaintiff" or "Ms. Romero") filed a Complaint and Jury Demand (the "Complaint") against Defendant in the District Court for Arapahoe County, Colorado, captioned:  *Theresa Romero v. World Wide Technologies, Inc.*, Case No. 2023CV32181. The Complaint is attached as **Exhibit A**. At the same time, Plaintiff submitted a Civil Case Cover Sheet with her Complaint. A copy of the Civil Case Cover Sheet is attached as **Exhibit B**.

---

[1] Defendant is improperly named in the state court complaint as World Wide Technologies, Inc. Its legal name is World Wide Technology, LLC.

2.      On November 13, 2023, the Court entered a "Delay Reduction Order" and a "Division 204 Order Re: Pretrial Matters and Discovery Protocol," governing scheduling, procedure, and other matters. Copies of these Orders are attached as **Exhibit C and D**.

3.      On November 14, 2023, Plaintiff requested a summons for Defendant, which the Court issued on November 15, 2023. A copy of the summons request and summons are attached as **Exhibit E**.

4.      On November 16, 2023, Defendant was served with the Summons and Complaint. The Return of Service was filed on November 22, 2023. A copy of the Return of Service is attached as **Exhibit F**.

5.      Service to the Defendant on November 16, 2023, was the first notice Defendant received of this action.

6.      On December 5, 2023, on behalf of Plaintiff, Nicole A. Corr filed an Out of State Counsel's Verified Motion Requesting *Pro Hac Vice* Admission with the Clerk of the District Court for Arapahoe County. A copy of the Motion is attached as **Exhibit G**.

7.      On December 6, 2023, the Supreme Court of Colorado Attorney Registration Office issued a notice advising that Ms. Corr had been issued *Pro Hac Vice* registration number 23PHV7651. A copy of the notice is attached as **Exhibit H**.

8.      On December 11, 2023, the District Court for Arapahoe County granted Ms. Corr's *Pro Hac Vice* Admission. A copy of the Order is attached as **Exhibit I**.

9.      Pursuant to 28 U.S.C. § 1446(a), **Exhibits A – I** comprise all of the "process, pleadings, and orders" filed in the state court action.

2

10.     Pursuant to D.C.COLO.LCivR 81.1(b), a copy of the current docket from the District Court of Arapahoe County, Colorado is also attached as **Exhibit J**.  There are no pending motions, petitions, or related responses, replies, or briefs before the District Court for Arapahoe County, Colorado.

11.     No further proceedings have occurred in the District Court for Arapahoe County, Colorado.

## II.     REMOVAL IS PROPER BECAUSE THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THE MATTER PURSUANT TO 28 § U.S.C. 1331.

12.     This Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because Plaintiff's state court complaint presents a federal question.

13.     Plaintiff's Complaint asserts claims under, *inter alia*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634 (collectively the "Federal Claims"). Therefore, this is a civil action arising under the Constitution and laws of the United States.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) (holding that the presence of even one claim "arising under" federal law is sufficient for removal); *BellSouth Telecommunications, Inc. v. MCImetro Access Transmission Servs., Inc.*, 317 F.3d 1270, 1278 (11th Cir. 2003) ("For purposes of 28 U.S.C. § 1331 jurisdiction, all that is required is that there be an arguable claim arising under federal law."); *Thomas v. Bank of Am. Corp.*, 12-CV-00797-PAB-KMT, 2012 WL 1431224, at \*2 (D. Colo. Apr. 25, 2012) ("Because plaintiff's fifth claim for relief asserts violations of the FDCPA, it indisputably arises under the laws of the United States.").

3

**III.    THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS PURSUANT TO 28 U.S.C. § 1367.**

14.    In the Complaint, Plaintiff also alleges state law violations of the Colorado Anti-Discrimination Act ("CADA"), C.R.S. § 24-34-104 *et seq*. (the "State Claims"). The controversy underlying the State Claims, as well as Plaintiff's Federal Claims, focuses squarely on Plaintiff's employment and termination from employment with Defendant, including specifically allegations of discrimination based on age, race, and gender.  *See* **Exhibit A** (Complaint) at pp. 5-8. The State Claims are based on the same facts and occurrences as her Federal Claims.  As Plaintiff's State Claims are "part of the same case or controversy" as her Federal Claims, the Court's exercise of supplemental jurisdiction over Plaintiff's State Claims is appropriate under 28 U.S.C. § 1367 and removal of all of Plaintiff's claims is proper.

15.    Pursuant to 28 U.S.C. § 1367(c), a court can decline to exercise supplemental jurisdiction if:

(1)    the claim raises a novel or complex issue of state law,

(2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)    the district court has dismissed all claims over which it has original jurisdiction, or

(4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

16.    None of the four bases for declining supplemental jurisdiction exist in this case. Plaintiff's State Claims are neither novel, nor complex, and they are based on the same set of facts as the claims over which the Court has original jurisdiction: her employment with Defendant.

4

Additionally, there are no exceptional circumstances that justify declining exercise of supplemental jurisdiction over Plaintiff's State Claims in this case.  Because the State Claims are based on the same set of facts, declining to exercise supplemental jurisdiction would result in two separate lawsuits regarding the same set of facts pending against the same defendant in two different forums at the same time. Accordingly, this Court should not decline to exercise supplemental jurisdiction over Plaintiff's State Claims.

17.    Therefore, since this Court has original subject-matter jurisdiction over Plaintiff's Federal Claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the State Claims pursuant to 28 U.S.C. § 1367, Defendant may remove this action.

## IV.    REMOVAL IS TIMELY.

18.    Pursuant to 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

19.    Removal of this action is timely because this Notice of Removal has been filed within thirty days of when Defendant received notice of the Complaint.

20.    Defendants first received notice of the Complaint on November 16, 2023, and thirty days from November 16, 2023 is December 16, 2023.  Thus, the Notice of Removal is timely filed.

## V.    NOTICE TO PARTIES AND STATE COURT.

21.    This Notice of Removal is being filed in the United States District Court for the District of Colorado, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

5

22.     A Civil Cover Sheet is being filed contemporaneously with this Notice of Removal.

23.     No previous application has been made for the relief requested in this Notice.

24.     In accordance with 28 U.S.C. § 1446(d), copies of the original Notice of Removal are being served on Plaintiff and filed with the District Court for Arapahoe County, Colorado.

## VI.    CONCLUSION

WHEREFORE, Defendant respectfully removes this action from the District Court of Arapahoe County, Colorado to this Court for further proceedings.

Respectfully submitted this 14th day of December, 2023.

*s/ M. Levy Leatherman*

Michelle L. Gomez, Bar No. 41542
M. Levy Leatherman, Bar No. 56009
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado  80202
Phone Number: 303.629.6200
Fax Number: 303.629.0200
Email Address: mgomez@littler.com
                        lleatherman@littler.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December, 2023, a true and accurate copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was filed and served via CM/ECF to the following:

Whitt L. Wyatt
WYATT HAMILTON FINDLAY, PLLC
200 Quebec Street, Suite 300-111
Denver, CO 80230
Email: whitt@whflegal.com

Nicole A. Corr
WYATT HAMILTON FINDLAY, PLLC
5810 Long Prairie Rd., Suite 700-220
Flower Mound, TX 75028
Email: nicole@whflegal.com

*Attorneys for Plaintiff*

/s/ Joanna Fox
Joanna Fox, Legal Secretary

4877-6711-2852.2 / 087412-1018

7